Nash, C. J.
 

 -The bill isfiled by the personal representative of George Patterson, to obtain a decree of this Court upon his will, settling the construction of the following clause contained in it: “ After the death or marriage of my widow, my property to be sold, and after what is above named, and the expenses paid, the balance to be equally divided among my brothers and sisters or their heirs, and Martha P. Elliott and her son, named David Patterson Elliott, each an equal share.” The administrator with the will annexed, the plaintiff, informs us that a difference of opinion exists among those who are interested as to the true meaning of the testator, as to the portion of the estate to which his sister Martha P. Elliott and her son David are entitled : Whether one share is to be divided between the mother and the son, or whether he intended to give a full share of the property,' directed to be sold, to his sister, and one full share to her son. It is difficult to perceive upon what the doubt rests. The testator has made his meaning so obvious by the language used, that it cannot be made more plain by any use of other terms. He directs in the first part of the clause, the proceeds of the sale shall be equally divided among his brothers and sisters or their heirs ; and when he comes to his sister, Mrs. Elliott, fearing that his meaning might possibly be misunderstood, he separates his bounty to her from that to her son, and gives to
 
 each
 
 a share ; the same as if he
 
 *210
 
 bad said, sbe shall have one, and her son one, share. To avoid this repetition, with grammatical taste, he uses the relative pronoun
 
 eaoh,
 
 and his reason for giving to David Patterson Elliott a full share, may be found in the fact, that he bore his name in full.
 

 It must be declared that, by the will, Mrs. Elliott and her son David Patterson are each, in the language of the testator, to receive one share of the fund in question.
 

 It must be referred to the clerk of this Court to take an account of the plaintiff's administration of the estate of David Patterson the testator. The plaintiff will pay all the costs of the suit, except that of taking the account.
 

 The cause will be retained for further directions.
 

 Per Curiam, Decree accordingly.